{¶ 32} I respectfully dissent.
 {¶ 33} The majority takes its authority in interpreting appellant's lack of a right to a hearing under R.C. 505.86(B) by citing Section 4(B), Article IV, Ohio Constitution.
 {¶ 34} I agree with the fact that the constitution does not confer such authority. However, the Supreme Court of Ohio has held that the right to appeal a decision from a governmental entity, i.e., a board of zoning appeals, is not constitutional in nature but is statutory. The legislative language is quite clearly delineated in R.C. 519.15. *Page 10 
 {¶ 35} Furthermore, R.C. 519.15 allows "any person aggrieved" by an administrative officer's zoning decision to appeal to the township board of zoning appeals.
 {¶ 36} The right to appeal an administrative decision is neither inherent or inalienable; to the contrary it is conferred by statute.Roper v. Bd. of Zoning Appeals (1962), 173 Ohio St.168, 173.
 {¶ 37} The action of the township trustee to remove the structure, also known as Champion Mall, from the Champion Mall property is clearly a decision made by the trustees and is clearly appealable pursuant to R.C. 519.15. *Page 1